1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CINDY THOM LUONG,                    No. CIV S-04-2665-CMK

12            Plaintiff,

13        vs.                            MEMORANDUM OPINION AND ORDER

14  JO ANNE B. BARNHART,
    Commissioner of Social Security,
15
            Defendant.
16
    _____/
17

18            Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19  review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20  Pursuant to the consent of the parties, this case is before the undersigned for final decision on

21  plaintiff's motion for summary judgment (Doc. 9) and defendant's cross-motion for summary

22  judgment (Doc. 13).

23  / / /

24  / / /

25  / / /

26  / / /

1

## I. BACKGROUND

Plaintiff applied for supplemental security income benefits on December 18, 2002, based on disability.  In her application, plaintiff claims that her impairment began on November 1, 2002.[1]  Plaintiff claims her disability consists of a combination of arthritis and memory problems.   Plaintiff is a naturalized United States citizen born August 18, 1952, with a limited education completed in Vietnam.

Plaintiff's claim was initially denied.  Following denial of her request for reconsideration, plaintiff requested an administrative hearing, which was held on May 5, 2004, before Administrative Law Judge ("ALJ") Antonio Acevedo-Torres.

In his August 25, 2004, decision, the ALJ made the following findings:

1.      The claimant did not engage in substantial gainful activity after December 18, 2002;

2.      The claimant has the following impairment(s): arthritis and depression;

3.      The claimant does not have any impairment or impairments which significantly limits her ability to perform basic work-related activities; therefore, the claimant does not have a severe impairment; and

4.      The claimant is not under a disability as defined in the Social Security Act.

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to benefits.  After the Appeals Council declined review on October 15, 2004, this appeal followed.

/ / /

/ / /

/ / /

/ / /

---

[1]      Elsewhere in her application materials she states her disability began on November 15, 2002.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In her motion for summary judgment, plaintiff argues: (1) the ALJ erred by not giving controlling weight to the opinion of her treating physician; and (2) the ALJ erred by not obtaining the testimony of a vocational expert as to her residual functional capacity.

/ / /

/ / /

1      **A.**    <u>**Opinion of Treating Physician**</u>

2           Plaintiff contends the ALJ improperly rejected the opinion of plaintiff's treating

3 physician Dr. Firdo S. Sheikh.  In particular, plaintiff asserts that the ALJ relied on Dr. Sheikh's

4 January 21, 2004, medical source statement, but failed to acknowledge a subsequent evaluation

5 by Dr. Sheikh on January 31, 2004.  Plaintiff also alleges the ALJ failed to consider other

6 medical evidence in the record tending to support Dr. Sheikh's opinion.

7           The weight given to medical opinions depends in part on whether they are

8 proffered by treating, examining, or non-examining professionals.  <u>See</u> <u>Lester v. Chater</u>, 81 F.3d

9 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating

10 professional, who has a greater opportunity to know and observe the patient as an individual,

11 than the opinion of a non-treating professional.  <u>See</u> <u>id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285

12 (9th Cir. 1996); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given

13 to the opinion of a non-examining professional.  <u>See</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 & n.4

14 (9th Cir. 1990).

15           In addition to considering its source, to evaluate whether the Commissioner

16 properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are

17 in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

18 uncontradicted opinion of a treating or examining medical professional only for "clear and

19 convincing" reasons supported by substantial evidence in the record.  <u>See</u> <u>Lester</u>, 81 F.3d at 831.

20 While a treating professional's opinion generally is accorded superior weight, if it is contradicted

21 by an examining professional's opinion which is supported by different independent clinical

22 findings, the Commissioner may resolve the conflict.  <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035,

23 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be

24 rejected only for "specific and legitimate" reasons supported by substantial evidence.  <u>See</u>

25 <u>Lester</u>, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough

26 summary of the facts and conflicting clinical evidence, states her interpretation of the evidence,

1    and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent

2    specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or

3    examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining

4    professional, without other evidence, is insufficient to reject the opinion of a treating or

5    examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to

6    any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d

7    1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported

8    opinion); see also Magallanes, 881 F.2d at 751.

9                As to Dr. Sheikh, the ALJ stated:

10               In December 2004, the claimant was seen with neck, back, and hand pain,
             and numbness in her hand.  In addition, examination displayed findings
11           compatible with carpal tunnel syndrome.  Moreover, the examining
             physician suggested that based on this examination, the claimant's ability
12           to sit, stand, walk, and lift are limited (Exhibit 17F).  Nevertheless, given
             the absence of any corroborating objective findings, and noting that the
13           results of a subsequent examination were normal, the Administrative Law
             Judge rejects this solitary opinion.[2]

14

15   The ALJ clearly provided specific and legitimate reasons for rejecting Dr. Sheikh's opinion.

16   Specifically, the ALJ cited the absence of corroborating objective findings and normal results on

17   subsequent examination by Dr. Sheikh.[3]

18               The question is whether there is substantial evidence in the record to support

19   these reasons.  In this regard, plaintiff argues that the ALJ failed to acknowledge relevant

20   portions of the medical record.  Plaintiff states:

21               The ALJ failed to acknowledge that Plaintiff was treated from June
             6, 2001, until May 28, 2003, by Thuc Duong, M.D., for back pain and
22           neck pain with right arm numbness. (TR 181-197).  Further, an x-ray

23   _____

24          [2]    Exhibit 17F shows that Dr. Sheikh treated plaintiff in December 2003, not
     December 2004.  His report was prepared on January 21, 2004.

25          [3]    A review of Exhibit 17F indicates that the "subsequent examination" referred to
     by the ALJ is the January 31, 2004, examination plaintiff argues the ALJ failed to acknowledge.
26   The court, therefore, rejects this argument.

1

performed on November 27, 2002, of the cervical spine show[s] mild to
moderate spondylosis deformans, most prominent in the lower aspect,

2

focal calcification of anterior longitudinal ligament at C6-7 and mild facet
arthropathy. (TR 197). Indeed, the record indicates on July 28, 2003 (TR

3

292), December 17, 2003 (TR 289), and January 31, 2004 (TR 290-291),
Plaintiff continued to seek medical treatment for her back and hand pain

4

from her treating physicians. As a result, she had steroid injections in her
hand and prescriptions of anti-inflammatory medication. The weight of

5

the evidence supports Plaintiff's testimony regarding her hand and back
pain.[4]

6

7     First, the November 27, 2002, x-ray was in fact acknowledged by the ALJ who stated: "In

8     November 2002, x-rays of the cervical spine were described as essentially normal, and only

9     displayed spondylosis (Exhibit 10F, page 19)." Second, the records at TR 197, 289, 290-291,

10    and 292 referred to by plaintiff are portions of Exhibit 17F, which the ALJ clearly

11    acknowledged. The court, therefore, rejects the argument that the ALJ failed to acknowledge

12    these items of evidence. Finally, the court concludes that the ALJ did consider records from Dr.

13    Duong. The ALJ stated that ". . . although the claimant alleged a long history of joint pain, the

14    record does not show that she is undergoing any type of regular, related treatment." (emphasis

15    added). In order for the ALJ to have been able to determine that plaintiff's treatment was not

16    related to joint pain, he must have reviewed the entirety of Exhibit 10F – Dr. Duong's records –

17    and observed that he regularly treated plaintiff for unrelated matters, such as wheezing.

18         Having reviewed the entire record in this case, the court concludes that the ALJ's

19    rejection of Dr. Sheikh's opinion was supported by substantial evidence, namely the weight of

20    the other medical evidence to the contrary. By way of example, two consultative examining

21    physicians – Dr. Charles Miller and Dr. Phillip Wirganowicz – each reported no functional

22    limitations.

23    ///

24

25         [4]     This last sentence is a bit puzzling given that, while the ALJ stated in his decision
      that he did not find plaintiff's testimony credible, plaintiff does not challenge the ALJ's

26    credibility finding.

**B.      Vocational Expert Testimony**

Plaintiff contends that the ALJ erred by not obtaining the testimony of a vocational expert because plaintiff's residual functional capacity is diminished by non-exertional limitations.  As defendant correctly notes, whether a vocational expert's testimony is required is a question to be addressed at step 5 of the sequential social security analysis, at which the ALJ asks whether there are jobs the plaintiff can do in light of her severe impairments and residual functional capacity.  In this case, the ALJ rejected plaintiff's claim at step 2, concluding that she did not have a severe impairment.  The ALJ never reached the issue of residual functional capacity and, therefore, vocational expert testimony would have been irrelevant.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for summary judgment is denied;

2.      Defendant's cross-motion for summary judgment is granted; and

3.      The Clerk of the Court is directed to enter judgment and close this file.

DATED:   June 2, 2006.


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE